UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAGGIE BELCHER,

          Plaintiff,

vs.                                   Case No.  2:06-cv-231-FtM-29SPC

ERIN COLLINS CULLARO; U.S. BANK
NATIONAL ASSOCIATION; STANTON, INC.;
ROBERT L. DOYLE; JANET GILLIARD;
SELECT PORTFOLIO SERVICING, INC.,

          Defendants.
_____

## OPINION AND ORDER

      This matter comes before the Court on plaintiff's Emergency
Motion for Injunction and Restraining Order (Doc. #2), filed on May
5, 2006.  Plaintiff's pro se emergency motion is one sentence long,
and requests this Court to prohibit defendants from evicting
plaintiff from her homestead until the case "can be reviewed by
this Court and Due Process be upheld." (Doc. #2, p.1).  Because of
the brevity of the motion, the Court reviewed Ms. Belcher's
"Emergency Complaint" (Doc. #1) as well.  The only relief requested
in the Emergency Complaint is that the Court issue an injunction
and restraining order to stop plaintiff's eviction from her
homestead.  The eviction is pursuant to various state court orders,
including the  "Order Denying 'Emergency Motion to Stop Eviction';
Order Denying Motion if Considered Motion for Relief from Judgment;
and Order Striking so called 'Common Law Lien' and Notice of Lis

Dockets.Justia.com

Pendens" (Doc. #1-4, pp. 8-11) decided by Judge Robert L. Doyel, Circuit Judge for Hardee County.  Plaintiff asserts jurisdiction in federal court pursuant to the Fourteenth Amendment and 42 U.S.C. §1983.

A temporary restraining order will be issued only if plaintiff demonstrates (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any.  <u>See</u> Local Rules, 4.05(b)(4).  Issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries the burden of persuasion on each of [four] prerequisites." <u>Suntrust Bank v. Houghton Mifflin Co.</u>, 252 F.3d 1165, 1166 (11th Cir. 2001).  <u>See also</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998).  The four prerequisites for a preliminary injunction are:  (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest.  <u>Suntrust Bank</u>, 252 F.3d at 1166; <u>American Red Cross v. Palm Beach Blood Bank, Inc.</u>, 143 F.3d 1407, 1410 (11th Cir. 1998); <u>Gold Coast Pub'ns, Inc. v. Corrigan</u>, 42 F.3d 1336, 1343 (11th Cir. 1994), <u>cert. denied</u>, 516 U.S. 931 (1995). The burden of persuasion

-2-

for each of the four requirements is upon the movant.  <u>Siegel v.</u>
<u>Lenore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

Federal courts are courts of limited jurisdiction, and the
court is required to inquire into its jurisdiction at the earliest
possible point in the proceeding.  <u>Kirkland v. Midland Mortg. Co.</u>,
243 F.3d 1277, 1279-80 (11th Cir. 2001).  Of prime importance is
the principle that federal courts have a "virtually unflagging
obligation . . . to exercise the jurisdiction given them."
<u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S.
800, 817 (1976).  <u>See also</u> <u>New Orleans Pub. Serv., Inc. v. Council</u>
<u>of New Orleans (NOPSI)</u>, 491 U.S. 350, 358 (1989).  In some classes
of cases, however, federal courts should withhold relief to avoid
undue interference with state court proceedings.  <u>NOPSI</u>, 491 U.S.
at 359.  Federal courts have no authority to exercise supervisory
jurisdiction over the operations of a state court, and a litigant
dissatisfied with a state court judgment must pursue state
remedies.  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923);
<u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462
(1983).  "[F]ederal courts, other than the United States Supreme
Court, have no authority to review the final judgments of state
courts."  <u>Siegel v. LePore</u>, 234 F.3d 1163, 1171 (11th Cir.
2000)(citations omitted).  The <u>Rooker-Feldman</u> doctrine "applies not
only to claims actually raised in the state court, but also to
claims that were not raised in the state court but are
'inextricably intertwined' with the state court's judgment."

-3-

Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996)(citing Feldman, 460 U.S. at 482 n.16).  See also Gogola v. Zingale, 141 Fed. Appx. 839, 842 (11th Cir. 2005); Rice v. Grubbs, 158 Fed. Appx. 163, 165 (11th Cir. 2005); Incorvaia v. Incorvaia, 154 Fed. Appx. 127 (11th Cir. 2005).  The Rooker-Feldman doctrine does not apply if plaintiff had "no 'reasonable opportunity to raise his federal claim in state proceedings.'" King v. Epstein, 2006 WL 328157, *3 (11th Cir. 2006)(quoting Blue Cross & Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989)).  State courts have the authority and ability to address federal Constitutional issues. See Miami Home Milk Producers Ass'n v. Milk Control Bd., 169 So. 541, 805-806 (Fla. 1936)(the Florida Supreme Court is bound by the decisions of the U.S. Supreme Court when "construing the meaning and effect of acts of Congress and those provisions of the national Constitution which restrict the powers of the states"); State ex rel. Hawkins v. Board of Control of Fla., 47 So. 2d 608, 612-13 (Fla. 1950)(citing decision by the U.S. Supreme Court as binding with respect to a federal constitutional question).

Plaintiff feels she received an unfair decision in state court and has been the victim of an unfair process resulting in the loss of her home.  Plaintiff is essentially seeking review of the state judicial proceedings, and is attempting to utilize federal court instead of pursuing her remedies in the state appellate court. Plaintiff's proper remedy would be with the state appellate courts. An unfavorable state court ruling is not an independent basis of

subject-matter jurisdiction in federal court.  The Court finds that plaintiff has failed to establish the requirements for a temporary restraining order or a preliminary injunction.  It would also appear that the Rooker-Feldman doctrine bars a federal court from entertaining plaintiff's claims against the defendants.  The Court, however, will give plaintiff an opportunity to address the jurisdictional issue.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Plaintiff's Emergency Motion for Injunction and Restraining Order (Doc. #2) is **DENIED.**

2. Plaintiff shall show cause why this case should not be dismissed for lack of jurisdiction by filing a memorandum within **TEN (10) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of May, 2006.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Maggie Belcher

-5-