UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAGGIE BELCHER,

           Plaintiff,

vs.     Case No. 2:06-cv-231-FtM-29SPC

ERIN COLLINS CULLARO; U.S. BANK NATIONAL ASSOCIATION; STANTON, INC.; ROBERT L. DOYLE; JANET GILLIARD; SELECT PORTFOLIO SERVICING, INC.,

           Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Emergency Motion for Injunction and Restraining Order (Doc. #2), filed on May 5, 2006.  Plaintiff's pro se emergency motion is one sentence long, and requests this Court to prohibit defendants from evicting plaintiff from her homestead until the case "can be reviewed by this Court and Due Process be upheld." (Doc. #2, p.1).  Because of the brevity of the motion, the Court reviewed Ms. Belcher's "Emergency Complaint" (Doc. #1) as well.  The only relief requested in the Emergency Complaint is that the Court issue an injunction and restraining order to stop plaintiff's eviction from her homestead.  The eviction is pursuant to various state court orders, including the "Order Denying 'Emergency Motion to Stop Eviction'; Order Denying Motion if Considered Motion for Relief from Judgment; and Order Striking so called 'Common Law Lien' and Notice of Lis

Pendens" (Doc. #1-4, pp. 8-11) decided by Judge Robert L. Doyel, Circuit Judge for Hardee County.  Plaintiff asserts jurisdiction in federal court pursuant to the Fourteenth Amendment and 42 U.S.C. §1983.

A temporary restraining order will be issued only if plaintiff demonstrates (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any.  See Local Rules, 4.05(b)(4).  Issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries the burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001).  See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  The four prerequisites for a preliminary injunction are:  (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest.  Suntrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Pub'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995). The burden of persuasion

for each of the four requirements is upon the movant. <u>Siegel v. Lenore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Of prime importance is the principle that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976). <u>See</u> also <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI)</u>, 491 U.S. 350, 358 (1989). In some classes of cases, however, federal courts should withhold relief to avoid undue interference with state court proceedings. <u>NOPSI</u>, 491 U.S. at 359. Federal courts have no authority to exercise supervisory jurisdiction over the operations of a state court, and a litigant dissatisfied with a state court judgment must pursue state remedies. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). "[F]ederal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." <u>Siegel v. LePore</u>, 234 F.3d 1163, 1171 (11th Cir. 2000)(citations omitted). The <u>Rooker-Feldman</u> doctrine "applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment."

Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996)(citing Feldman, 460 U.S. at 482 n.16).  See also Gogola v. Zingale, 141 Fed. Appx. 839, 842 (11th Cir. 2005); Rice v. Grubbs, 158 Fed. Appx. 163, 165 (11th Cir. 2005); Incorvaia v. Incorvaia, 154 Fed. Appx. 127 (11th Cir. 2005).  The Rooker-Feldman doctrine does not apply if plaintiff had "no 'reasonable opportunity to raise his federal claim in state proceedings.'" King v. Epstein, 2006 WL 328157, *3 (11th Cir. 2006)(quoting Blue Cross & Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989)).  State courts have the authority and ability to address federal Constitutional issues.  See Miami Home Milk Producers Ass'n v. Milk Control Bd., 169 So. 541, 805-806 (Fla. 1936)(the Florida Supreme Court is bound by the decisions of the U.S. Supreme Court when "construing the meaning and effect of acts of Congress and those provisions of the national Constitution which restrict the powers of the states"); State ex rel. Hawkins v. Board of Control of Fla., 47 So. 2d 608, 612-13 (Fla. 1950)(citing decision by the U.S. Supreme Court as binding with respect to a federal constitutional question).

   Plaintiff feels she received an unfair decision in state court and has been the victim of an unfair process resulting in the loss of her home.  Plaintiff is essentially seeking review of the state judicial proceedings, and is attempting to utilize federal court instead of pursuing her remedies in the state appellate court.  Plaintiff's proper remedy would be with the state appellate courts.  An unfavorable state court ruling is not an independent basis of

subject-matter jurisdiction in federal court. The Court finds that plaintiff has failed to establish the requirements for a temporary restraining order or a preliminary injunction. It would also appear that the <u>Rooker-Feldman</u> doctrine bars a federal court from entertaining plaintiff's claims against the defendants. The Court, however, will give plaintiff an opportunity to address the jurisdictional issue.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Emergency Motion for Injunction and Restraining Order (Doc. #2) is **DENIED.**

2. Plaintiff shall show cause why this case should not be dismissed for lack of jurisdiction by filing a memorandum within **TEN (10) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of May, 2006.

```
                              _____
                              JOHN E. STEELE
                              United States District Judge
```

Copies:
U.S. Magistrate Judge
Maggie Belcher